UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOLYNE NERISSA JOHNSON,<br><br>     Plaintiff,<br><br>    -against-<br><br>ANDREA STEWART-COUSINS; ROBERT G. ORTT; CARL HEASTIE; WILLIAM A. BARCLAY,<br><br>     Defendants. | 21-CV-9629 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She asserts that the defendants have violated her federal and state constitutional rights, and she seeks unspecified relief. Plaintiff sues: (1) Andrea Stewart-Cousins, the President Pro Tempore and Majority Leader of the New York State Senate; (2) Robert G. Ortt, the Minority Leader of the New York State Senate; (3) Carl Heastie, the Speaker of the New York State Assembly; and (4) William A. Barclay, the Minority Leader of the New York State Assembly. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

  By order dated December 7, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the action as frivolous.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). When it is clear that the defendants are immune from suit, the complaint may be dismissed as frivolous. *Neitzke*, 490 U.S. at 327.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the Court's federal question jurisdiction, and in response to the form's question asking her to describe which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Due Process under the 5th and 14th Am[]endments of the Federal and 50+ states constitutions circa 2019 till present." (ECF 2, at 2.) In her statement of claim, Plaintiff alleges that her claims arose in "New York State (All Counties), Neighboring States, All 50+ states, plus international" and that they arose "circa 2019 to present." (*Id.* at 5.)

In the facts section, Plaintiff alleges that she

> is purs[u]ing four public servants . . . for their failure to include warehouses and mini[a]ture warehouses and other widely considered commercial real property in the [p]andemic/COVID-19 economic immunity plans to protect not only the public at large, but especially, the underhoused, impoverished, undomiciled, small business owners, and other users of warehouses and mini[a]ture warehouses, along with their dependents, from being forced into eviction, foreclosure, and a loss of actual or otherwise possession of real and moveable property in association with warehouses and mini[a]ture warehouses during stages of state of emergency coinciding with Pandemic COVID-19.

(*Id.* at 5.)

Plaintiff asserts that "[a]s public servants," Defendants' failure to provide economic protections to such properties "shows a greater concern for self-interest in association with either lobbyists or publicly/privately traded stocks, instead of economic protection to the public at large, especially the most vulnerable citizens of society." (*Id.* at 6.)

"As a domino effect" of Defendants' actions, Plaintiff is "undomiciled" and left "without a place to keep or secure [her] movable tangible property." (*Id.*) She has "experience[d] the loss of actual or constructive possession of real property and moveable tangible property, both unique and irreplaceable, and [o]rdinary and [n]ec[]essary." (*Id.*) Plaintiff asserts that Defendants have violated her "Federal and State (50 plus) Constitutions and Statu[t]es," and also discriminated against her based on her "social-economic class[]." (*Id.*)

Plaintiff states that she "intend[s] to a[]mend [the complaint to seek] money damages and other relief at a later date." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint presents no basis for a legally viable claim, *see Denton*, 504 U.S. at 32-33; *Livingston*, 141 F.3d at 437. In addition, as Plaintiff's claims arise from the defendants' actions as state legislators – namely, their failure to include certain types of properties as

beneficiaries of economic recovery legislation – the defendants are absolutely immune from any liability under Section 1983. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (state legislators are immune from suit under Section 1983 for their legislative activity). The Court therefore determines that Plaintiff's complaint is frivolous. *See Neitzke*, 490 U.S. at 327; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous.

## CONCLUSION

The Court dismisses Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:   December 28, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge